Opinion issued August 30, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00172-CV

———————————

**ALPER KARAALI, Appellant**

**V.**

**SUN DEVELOPMENT, L.P., Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-61651**

---

### MEMORANDUM OPINION

Appellant, Alper Karaali, proceeding pro se, attempts to appeal from the trial court's order, signed on December 10, 2015, dismissing without prejudice appellant's case for his failure to pay all trial-court costs by December 1, 2015. Appellant filed an appellate brief and a "Request [T]o Proceed On This Appeal With

Establishing Indigence" in this Court. We dismiss the appeal for want of jurisdiction and dismiss this motion as moot.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id*. 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See id.* 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the order of dismissal on December 10, 2015. *See* TEX. R. CIV. P. 145(d). Because appellant did not file any post-judgment motion, January 11, 2016, was his deadline for filing a notice of appeal. *See* TEX. R. APP. P. 4.1(a), 26.1(a)(1).

Appellant did not file his notice of appeal in the trial court until February 26, 2016, forty-six days past the January 11, 2016 deadline for filing his notice of appeal, and thirty-one days past the fifteen-day extension period that ended on January 26, 2016. *See* TEX. R. APP. P. 26.1(a)(1), 26.3(a). Appellant did not file a motion for extension of time to file the notice of appeal, and one cannot be implied because the notice of appeal was not filed within the fifteen-day extension period. *See id.* 26.3(b); *Verburgt*, 959 S.W.2d at 617–18. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On April 1, 2016, appellant prematurely filed in this Court an appellate brief that did not address jurisdiction. On April 28, 2016, the Clerk of this Court notified appellant that his appeal was subject to dismissal for want of jurisdiction unless he timely responded and showed how this Court had jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a), (c). Although appellant timely filed a response, he failed to show grounds for this Court's jurisdiction over this appeal. Instead, appellant claimed, among other things, that the trial court erred in denying his affidavit of indigence, the Texas Supreme Court has amended the rules to allow permissive interlocutory appeals under Texas Civil Practice & Remedies Code § 51.014(d), and his affidavit of indigence was granted on January 27, 2016, in a case he filed in federal court. However, appellant's response does not show how this Court has jurisdiction over this untimely appeal.

## Conclusion

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP.

P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Huddle.